ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| CARLOS COLÓN TRILLO<br><br>Parte Recurrida<br><br>V.<br><br>CYNTHIA COLÓN MARTÍNEZ; ALFREDO COLÓN MARTÍNEZ<br><br>Parte Peticionaria | TA2026CE00486 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br>_____<br>Caso Núm.: SJ2025CV03395<br>_____<br>SOBRE:<br>IMPUGNACIÓN DE TESTAMENTO OLÓGRAFO |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Salgado Schwarz y la Juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente

# **RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de mayo de 2026

Comparece la sucesión de la señora Cynthia Colón Martínez ("sucesión de la Sra. Colón Martínez") y solicita la revisión de la Resolución emitida el 25 de febrero de 2026 y de la Orden emitida el 19 de marzo de 2026 por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro de instancia" o "foro recurrido"). Mediante la Resolución, el foro de instancia declaró *No Ha Lugar* la Moción de Desestimación presentada por la sucesión de la Sra. Colón Martínez, mientras que en la Orden declaró *No Ha lugar* la moción de reconsideración presentada por esta.

Por los fundamentos que exponemos a continuación, **denegamos** la expedición del auto de *certiorari*.

-I-

A continuación, detallamos los hechos pertinentes a la controversia de epígrafe.

El 9 de diciembre de 2021, la Sra. Colón Martínez presentó una *Petición*[1] sobre adveración y protocolización de testamento ológrafo, de su madre, la señora Rita Amparo Martínez Martínez. El 11 de febrero de 2022 se llevó a cabo a cabo la vista en cuestión. Así las cosas, el 14 de febrero de 2022, mediante *Resolución*[2], el foro de instancia declaró *Ha Lugar* la Petición presentada por la Sra. Colón Martínez y ordenó la protocolización del testamento.

Posteriormente, el 10 de marzo de 2022, el señor Carlos Colón Martínez ("Sr. Colón Martínez") presentó una *Petición ex parte*[3]. En esa ocasión, el Sr. Colón Martínez solicitó que se declarara *Con Lugar* la Demanda de Impugnación de Testamento Ológrafo. Sin embargo, dos días después, Colón Martínez presentó una *Moción de Desistimiento Voluntario y Solicitud de Archivo*[4]. Mediante dicha moción, alegó que "*[p]or error se presentó como un caso ex parte cuando debo [sic] ser uno contencioso. […] Se ha presentado el recurso apropiado y correctamente por loque [sic] se solicita que esta petición ex parte sea desistida y archivada*"[5]. El 10 de marzo de 2022, el Sr. Colón Martínez presentó una *Petición*[6] sobre Impugnación de Testamento Ológrafo. El 7 de junio de 2022, la Sra. Colón Martínez presentó una *Moción de Desestimación*[7]. Mediante dicha moción, alegó que el testamento se encontraba en proceso de ser protocolizado y elevado a escritura pública, por lo que

---

[1] Véase Entrada #25, Anejo #1, págs. 1-4 del expediente de Primera Instancia en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] *Íd.*, págs. 14-17.
[3] Véase el caso SJ2022CV01767, Entrada #1 en SUMAC.
[4] *Íd.*, Entrada #2.
[5] *Íd.*
[6] Véase el caso SJ2022CV01775, Entrada #1 en SUMAC.
[7] *Íd.*, Entrada #9 en SUMAC.

la Demanda en cuestión no procedía por resultar prematura. Así las cosas, el 16 de junio de 2022, el Sr. Colón Martínez presentó una Réplica a *Moción de Desestimación por Prematura y Solicitud de Desistimiento Voluntario[8]*. En síntesis, sostuvo que "[…] *no hay controversia de que el testamento ológrafo no ha sido protocolizado aun, ni la escritura realizada, lo que desconocíamos, ciertamente y conforme a derecho dicho testamento carece de validez de modo que la preocupación del Sr. Carlos Colón al momento queda disipada y oportunamente podrá presentar su reclamación*"[9]. Al día siguiente, el foro de instancia emitió una *Sentencia[10]* dando por desistida la causa de acción presentada al amparo de la Regla 39.1(a)(1) de Procedimiento Civil[11].

Posteriormente, el 9 de septiembre de 2022, el Sr. Colón Martínez presentó una nueva *Petición[12]* sobre Partición de Herencia de Sucesión Testada e Impugnación de Testamento Ológrafo. El 12 de diciembre de 2022, la Sra. Colón Martínez presentó su *Contestación a Demanda[13]*.

Es menester señalar que, según surge de la Petición en el caso SJ2024CV10693, el Sr. Carlos Colón Martínez falleció en junio de 2023 y, a través de testamento, dejó como único heredero a su sobrino Carlos Adrián Colón Trillo ("Recurrido").

Así las cosas, el 30 de octubre de 2023, el Recurrido presentó un *Desistimiento Voluntario Sin Perjuicio,* respecto a la sustitución de su tío, el Sr. Colón Martínez. El 31 de octubre de 2023[14], el foro de

---

[8] *Íd.*, Entrada #15 en SUMAC.
[9] *Íd.*, pág. 1.
[10] *Íd.*, Entrada #16.
[11] 32 LPRA Ap. V, R. 39.1(a)(1).
[12] Véase el caso SJ2022CV08117, Entrada #1 en SUMAC.
[13] *Íd.*, Entrada #21.
[14] Notificada el 1ro de noviembre de 2023.

instancia emitió una *Sentencia*[15] declarando *Ha Lugar* la referida moción.

Tiempo después, el 19 de noviembre de 2024, el Recurrido presentó una *Petición*[16] sobre Partición de Herencia de Sucesión Testada e Impugnación de Testamento Ológrafo. El 8 de abril de 2025[17], el foro de instancia emitió una *Sentencia Parcial*[18]. En esa ocasión, el foro recurrido desestimó y archivó sin perjuicio la demanda contra la Sra. Colón Martínez debido a que el emplazamiento no se diligenció dentro del término de los 120 días establecido en la Regla 4.3 de Procedimiento Civil[19]. El 8 de agosto de 2025, luego de haber transcurrido el término para que la parte demandante mostrara causa por la cual no debía desestimarse el pleito, el foro recurrido emitió una *Sentencia Final*[20] ordenando el archivo sin perjuicio de la demanda.

Meses antes, el 22 de abril de 2025, el Recurrido presentó una *Demanda de Impugnación de Testamento Ológrafo*[21]. Al igual que en las ocasiones anteriores, el Recurrido alegó que la causante no tenía la capacidad mental para testar. Además, expresó que el testamento es inválido por tener tachaduras. Cabe señalar que, debido al fallecimiento de la Sra. Colón Martínez en el mes de julio de 2025, el foro de instancia ordenó la sustitución de la fenecida por sus herederos, a saber, Paulo A. Torres Colón, Rita I. Ribot Colón y José Rodríguez Escalín[22] ("sucesión de la Sra. Colón Martínez").

---

[15] Véase el caso SJ2022CV08117, Entrada #74 en SUMAC.
[16] Véase el caso SJ2024CV10693, Entrada #1 en SUMAC.
[17] Notificada el 9 de abril de 2025.
[18] Véase el caso SJ2024CV10693, Entrada #12 en SUMAC.
[19] 32 LPRA Ap. V, R. 4.3(c).
[20] Véase el caso SJ2024CV10693, Entrada #17 en SUMAC.
[21] Véase el caso de epígrafe, Entrada #1 en SUMAC.
[22] *Íd.*, Entrada #35, pág. 2.

Posteriormente, el 6 de octubre de 2025, la sucesión de la Sra. Colón Martínez presentó una *Moción de Desestimación*[23]. En síntesis, alegó que procede la desestimación con perjuicio del caso dado que el Recurrido ha desistido voluntariamente en dos ocasiones, por lo que aplica la Regla 39.1(a)(1) de Procedimiento Civil, *supra*.

Oportunamente, el 23 de octubre de 2025, el Recurrido se opuso a dicha moción[24]. Sobre el caso SJ2022CV01767, señaló que, por error, se presentó como uno ex parte, por lo que el Recurrido desistió de manera voluntaria a fin de presentar el caso como uno contencioso. Respecto al caso SJ2022CV01775, el Recurrido alegó que desistió de manera voluntaria porque dejó de existir una controversia justiciable. A esos efectos, el foro de instancia emitió una *Resolución*[25] declarando *No Ha Lugar* la moción de desestimación presentada por la sucesión de la Sra. Cynthia Colón Martínez y *Ha Lugar*, la moción en oposición presentada por el Recurrido. El foro de instancia señaló que el Recurrido presentó el mismo reclamo en dos (2) ocasiones, en los casos SJ2022CV01775 y SJ2022CV08117. Explicó que, si bien en el primer caso se efectuó un desistimiento voluntario, en el segundo, el desistimiento fue por orden del tribunal, razón por la cual no aplica la regla de los dos desistimientos.

Inconforme con la determinación, el 11 de marzo de 2026, la sucesión de la Sra. Colón Martínez presentó una *Moción de Reconsideración*[26]*,* la cual fue declarada *No Ha*

---

[23] *Íd.*, Entrada #25 en SUMAC.
[24] *Íd.*, Entrada #27 en SUMAC.
[25] *Íd.*, Entrada #35 en SUMAC.
[26] *Íd.*, Entrada #45 en SUMAC.

*Lugar* mediante *Orden*[27] emitida el 19 de marzo de 2026. Nuevamente inconforme, el 20 de abril de 2026, la sucesión de la Sra. Colón Martínez acudió ante nos mediante recurso de *certiorari* e hizo los siguientes señalamientos de error:

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR MEDIANTE LA RESOLUCIÓN RECURRIDA QUE LA PARTE RECURRIDA DESISTIÓ DE SU CAUSA DE ACCIÓN EN UNA SOLA OCASIÓN, RESOLVIENDO QUE NO SE CONFIGURÓ LA DOCTRINA DE LOS DOS (2) DESISTIMIENTOS.**

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR MEDIANTE LA ORDEN RECURRIDA QUE LA PARTE RECURRIDA NO DESISTIÓ VOLUNTARIAMENTE DE SU CAUSA DE ACCIÓN EN EL CASO CARLOS COLÓN MARTÍNEZ, SJ2022CV01767, RESOLVIENDO QUE NO SE CONFIGURÓ LA DOCTRINA DE LOS DOS (2) DESISTIMIENTOS.**

-II-

## A. *Certiorari*

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[28]

Mediante la Regla 52.1 de Procedimiento Civil de 2009[29], se hizo un cambio trascendental respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del TPI mediante recurso de *certiorari*. A tales efectos, la Regla 52.1 de Procedimiento Civil, *supra*, dispone, en parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el

---

[27] *Íd.*, Entrada #48 en SUMAC.
[28] *Pueblo v. Díaz De León*, 176 DPR 913, 917 (2009).
[29] 32 LPRA Ap. V, R. 52.1.

Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Por tanto, el asunto planteado en el recurso instado por el promovente debe tener cabida bajo alguno de los incisos de la Regla 52.1, *supra*, pues el mandato de la referida regla establece taxativamente que "*solamente será expedido*" el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, aquellos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.[30]

---

[30] La Ley Núm. 177 del 30 de noviembre de 2010 "extendió la facultad de presentar recursos de *certiorari* para revisar también aquellas órdenes o resoluciones interlocutorias dictadas por el foro primario que involucren asuntos de interés público o que presenten situaciones que demanden la atención inmediata del foro revisor, pues aguardar hasta la conclusión del caso conllevaría un 'fracaso irremediable de la justicia'" *IG Builders, et al. v. BBVAPR*, 185 DPR 307 (2012).

Así las cosas, el primer examen que debe pasar todo recurso de *certiorari* para ser expedido es que tenga cabida bajo alguno de los incisos de la Regla 52.1 de Procedimiento Civil.

Superada esta primera etapa, procede hacer nuestro examen tradicional caracterizado por la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. A pesar de ser un asunto discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones esboza los siete criterios que el tribunal tomará en consideración al determinar la expedición de un auto de *certiorari*. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[31]

Por tanto, la discreción judicial "*no se da en un vacío ni en ausencia de unos parámetros*", sino que el

---

[31] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025).

tribunal revisor debe ceñirse a los criterios antes transcritos.[32]

Si luego de evaluar los referidos criterios, el tribunal no expide el recurso, queda a su discreción fundamentar su determinación, debido a que no tiene la obligación de hacerlo.[33] Esto es cónsono con el fundamento cardinal para la adopción de la Regla 52.1, *supra*, que es "*atender los inconvenientes asociados con la dilación que el antiguo esquema ocasionaba en los procedimientos, así como la incertidumbre que se suscitaba entre las partes del litigio*".[34]

-III-

En el caso de epígrafe, la sucesión de la Sra. Colón Martínez sostiene que erró el foro de instancia al concluir que no se configuró la doctrina de los dos desistimientos. Veamos.

Según expusimos en el acápite II, el foro apelativo no intervendrá con el ejercicio de la discreción de los tribunales de primera instancia, salvo que se demuestre que dicho tribunal actuó con prejuicio, parcialidad, con craso abuso de su discreción o se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada en la normativa que les concede deferencia a las actuaciones de los tribunales de primera instancia. Por otra parte, el auto solicitado tiene que fundamentarse en uno de los criterios que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

---

[32] *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).
[33] Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.
[34] *IG Builders, et al. v. BBVAPR, supra,* a la pág. 336.

Luego de haber evaluado los autos ante nuestra consideración, así como el derecho aplicable, concluimos que el recurso de *certiorari* no satisface ninguno de los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones para intervenir en el mismo. Cabe señalar que, no surge del expediente indicio alguno de que el foro de instancia haya incurrido en arbitrariedad, prejuicio o error craso y manifiesto. Por el contrario, consideramos que evaluó los planteamientos conforme a derecho y dentro de los parámetros que le son conferidos por ley.

-IV-

A la luz de los fundamentos antes expresados, **denegamos** la expedición del recurso de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*